# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3628SI

_____

Leo Fromm,

        Appellant,

v.

Commission of Veterans Affairs,

        Appellee.

\*
\*
\*
\*
\* On Appeal from the United
\* States District Court
\* for the Southern District
\* of Iowa.
\*
\*
\*

_____

Submitted: May 12, 2000

Filed: August 11, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Plaintiff Leo Fromm brought this discrimination claim under the Age Discrimination in Employment Act (ADEA) and the Iowa Civil Rights Act (ICRA) against the Commission of Veterans Affairs, an Iowa state agency. The District Court[1]

_____

[1]The Hon. Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

granted the state's motion for summary judgment, concluding that the state has Eleventh Amendment immunity, which it did not waive. Mr. Fromm appeals, arguing that Congress properly abrogated state immunity for ADEA violations, and that, in any event, the immunity was waived by the actions of the Iowa Attorney General. We hold that the ADEA does not abrogate states' sovereign immunity, and that Iowa's Eleventh Amendment immunity was not waived when the Iowa Attorney General's Office made a general appearance, filed an answer to plaintiff's complaint, and responded to discovery.

I.

Mr. Fromm worked at the Iowa Veterans Home, a state facility, in Marshalltown, Iowa. The Commission of Veterans Affairs, an agency of the State of Iowa, supervises the administration of the Iowa Veterans Home. Mr. Fromm filed an amended complaint against the Commission of Veterans Affairs on July 13, 1998, which alleged two counts: (1) the Commission committed age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 623, 626(b) and (c); and (2) the Commission's conduct amounted to age discrimination in violation of the Iowa Civil Rights Act (ICRA), Iowa Code §§ 216 et seq.

The Commission, through the Iowa Attorney General's Office as counsel, entered a general appearance and filed an answer to plaintiff's complaint on September 14, 1998. This original answer included the contention that the Commission's actions were for legitimate non-discriminatory business purposes. Moreover, the Commission pleaded several affirmative defenses, including the defense that it had not consented to be sued in federal court on plaintiff's ICRA claim. In November of 1998, the parties submitted a joint scheduling order and discovery plan for the District Court's approval. In December of 1998, the plaintiff submitted interrogatories, which the defendant answered in February of 1999. On May 14, 1999, the Commission filed a motion to amend its answer to plaintiff's amended complaint for the purpose of alleging an

additional affirmative defense – that the District Court lacked subject-matter jurisdiction over the ADEA claim because of Eleventh Amendment state sovereign immunity. This motion to amend was granted on June 2, 1999. Also on May 14, 1999, the Commission filed a motion for summary judgment, which alleged that there was no subject-matter jurisdiction over the plaintiff's ADEA claim because of Iowa's Eleventh Amendment sovereign immunity, and that there was no subject-matter jurisdiction over the ICRA claim because the State of Iowa had not waived its immunity from suit.

The District Court granted the defendant's motion for summary judgment. The plaintiff appeals the District Court's decision with respect to the ADEA. The holding that the State statutory claim is barred by the Eleventh Amendment is not contested on this appeal.

## II.

So the question we have to decide is whether the plaintiff's ADEA claim in this case is barred by the Eleventh Amendment. This question easily divides itself into two parts. First, was the attempt of Congress to abrogate the State's sovereign immunity in ADEA actions valid, appropriate legislation under Section 5 of the Fourteenth Amendment? Second, if not, did the State waive its immunity by entering a general appearance in this case and by waiting until its amended answer to assert its Eleventh Amendment defense?

The first question is easily answered. In Kimel v. Florida Board of Regents, 120 S. Ct. 631, 645, 650 (2000), the Supreme Court held that "[t]he ADEA is not 'appropriate legislation' under Section 5 of the Fourteenth Amendment" and that '[t]he ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid."

What about waiver of immunity? Plaintiff's argument is based mainly on a footnote in Sosna v. Iowa, 419 U.S. 393, 396 n.2 (1975). There, the Supreme Court said:

> In their answer to the complaint, appellees asserted that the court lacked jurisdiction over the State by virtue of the Eleventh Amendment, but thereafter abandoned this defense to the action. While the failure of the State to raise the defense of sovereign immunity in the District Court would not have barred Iowa from raising that issue in this Court . . . no such defense has been advanced in this Court. . . . Our own examination of Iowa precedents discloses, however, that the Iowa Supreme Court has held that the State consents to suit and waives any defense of sovereign immunity by entering a voluntary appearance in defending a suit on the merits. McKeown v. Brown, 167 Iowa 489, 499, 149 N.W. 593, 597 (1912).

Sosna, 419 U.S. at 399 n.2.

Initially, some observations about this passage are appropriate. In Sosna, the State of Iowa had at first asserted its Eleventh Amendment immunity, but thereafter abandoned the defense. It did not argue the defense in the Supreme Court. Thus, the issue had not been briefed in that Court. The Court nevertheless undertook to examine Iowa precedents and determined, on the basis of McKeown, a 1914 case, that the entry of a general appearance was sufficient to waive the sovereign immunity.

We are not sure that the Supreme Court intended its pronouncement to be an authoritative decision, binding on the lower courts. The circumstances of the Sosna case may indicate otherwise. In addition, the McKeown opinion may not have deserved the weight it was given. The Supreme Court of Iowa did reject a defense of sovereign immunity, but the Eleventh Amendment had no necessary connection with

-4-

the case.  The suit was one brought in a state court against a state official, and the principal holding of the Supreme Court of Iowa was that a statute (having to do with escheat) had effectively waived the state's sovereign immunity.  The remark about the effect of a voluntary appearance was added almost as an afterthought, in only five lines, and was at most an alternative holding.

In any event, Iowa law subsequent to McKeown and Sosna solidly indicates that the mere general appearance in a federal case by the Attorney General's office does not waive Iowa's Eleventh Amendment immunity.  Under Iowa R. Civ. P. 88(d), promulgated long after McKeown, a jurisdictional defense is not waived simply because it was omitted in a pre-answer motion to dismiss.  The federal rule, Fed. R. Civ. P. 12(h)(3), is to the same effect.  Under this rule, either the court or any party may raise an issue of subject-matter jurisdiction at any time, and the Eleventh Amendment is regarded, at least for this purpose, as going to subject-matter jurisdiction.  See Raper v. State of Iowa, 940 F. Supp. 1421, 1426 (S.D. Iowa 1996), aff'd, 115 F.3d 623 (8th Cir. 1997).  In general, "a state official may waive the state's immunity only where specifically authorized to do so by that state's constitution, statutes, or decisions."  Santee Sioux Tribe of Nebraska v. State of Nebraska, 121 F.3d 427, 431 (8th Cir. 1997) (holding that the conduct of an Assistant Attorney General of Nebraska in answering a complaint and filing a counterclaim did not amount to waiver of the Eleventh Amendment).   See State v. Sorensen, 436 N.W.2d 358, 364 (1989), holding that the state did not waive its immunity from suit with respect to landowners' civil-rights counterclaims by filing a quiet-title action against the landowners.

In sum, we hold the defendant's filing of an answer raising an Eleventh Amendment defense to the state statutory claim, but not the ADEA claim, did not work a forfeiture of the state's Eleventh Amendment Immunity.  The judgment is

Affirmed.

-5-

BYE, Circuit Judge, concurring.

I join in the majority opinion in all respects save for its suggestion that the "Eleventh Amendment is regarded, at least for this purpose, as going to subject-matter jurisdiction."  It appears this Court need go no further than to conclude that Fromm "failed to demonstrate that waiver of the State's Eleventh Amendment immunity is within the authority of [Iowa's] attorney general."  Santee Sioux Tribe of Neb. v. State of Neb., 121 F.3d 427, 432 (8th Cir. 1997).  I therefore concur in the result.

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.